24212

TRANSPORTATION INSURANCE COMPANY, Respondent v. SOUTH CAROLINA SECOND INJURY FUND, Appellant. In re Thomas M. GRIFFIN, Employee v. W.R. GRACE & COMPANY, Employer, and Transportation Insurance Co., Carrier.

(456 S.E. (2d) 369)

Supreme Court

*Brooks Shealy,* Columbia, *for appellant.*

*H. Mills Gallivan* and *Jeffrey D. Ezzell,* both of *Gibbes & Clarkson,* Greenville, *for respondent.*

Heard Nov. 3, 1994.

Decided Mar. 13, 1995.

TOAL, Justice:

The Second Injury Fund appeals the circuit court's order requiring it to reimburse respondent for the purchase price of a Benefits Settlement Option.[1] We affirm.

## FACTS

This action arose out of a claim by Transportation Insurance Company ("Transportation") for reimbursement against the South Carolina Second Injury Fund for benefits paid on behalf of Thomas Griffin,[2] employee of Transportation's insured W.R. Grace and Company.

In June 1986, Griffin and Transportation entered into a structured settlement agreement. The agreement provided that Griffin would receive a lump sum of $30,000. Additionally, Griffin would receive monthly payments in the amount of $525.13 for six years beginning in July, 1986. The Workers' Compensation Commission approved the agreement.

Transportation paid Griffin the $30,000 lump sum under the settlement agreement. Transportation then wrote a separate check in the amount of $30,000 to Continental Casualty Company ("Continental"), a related but separate corporation, for the purchase of a Benefits Settlement Option. Under the Benefits Settlement Option, Continental would make the monthly payments of $525.13 to Griffin for a total amount of $37,809.36.

By agreement, the Fund accepted liability to Transportation for reimbursement of Griffin's claim in accordance with S.C. Code Ann. §42-0-400 (1985). In September 1989, Transportation applied to the Fund for reimbursement of the full amount paid on Griffin's behalf. Transportation's request for reimbursement included the funds paid directly to Griffin and the full purchase price of the Benefits Settlement Option purchased from Continental.

---

[1] According to the testimony, a Benefits Settlement Option is the functional equivalent of an annuity.

[2] Griffin previously injured his back in a work-related injury. Griffin injured his back and leg in the accident which is the underlying worker's compensation claim in this action.

The Fund refused reimbursement because of the method of payment. The Fund contended it is improper for a carrier to arrange for an annuity or structured settlement with a related corporation and then request full and immediate reimbursement from the Fund. When the Fund refused reimbursement to Transportation, Transportation filed an action with the Workers' Compensation Commission seeking full reimbursement of all funds paid on Griffin's behalf. The Fund responded, adhering to its position that the purchase price of an annuity from a related corporation does not qualify for immediate, full reimbursement. The single commissioner held the Commission was without jurisdiction to determine the matter. Although the full Workers' Compensation Commission affirmed the single commissioner on the jurisdictional issue, it issued an order requiring the Fund to reimburse Transportation only for money actually paid to Griffin. Transportation appealed to the circuit court. The circuit court found the Workers' Compensation Commission had subject matter jurisdiction and remanded the case to the full Commission for a formal determination on the merits.

On remand, the full Commission instructed the Fund to reimburse Transportation only after the Fund received Transportation's request for reimbursement of specific funds actually paid to Griffin. Transportation appealed to the circuit court. The circuit court reversed the Commission. The circuit court held the Fund was without authority to deny reimbursement for the purchase price of an annuity or structured settlement. The circuit court also held the Fund's denial of Transportation's request for full reimbursement was arbitrary and capricious. The Fund appeals the ruling of the circuit court.

## LAW/ANALYSIS

The Fund contends the circuit court judge erred in holding the Fund was without statutory authority to withhold immediate and full reimbursement for the purchase of an annuity or structured settlement from a separate but related corporation. The Fund also contends the circuit court erred in finding such action by the Fund arbitrary and capricious. We disagree on both grounds.

Under S.C. Code Ann. § 42-7-310 (1976) the Fund was created "for the purpose of making payments in accordance with

the provisions of § 42-9-400." Section 42-9-400(a) provides in pertinent part:

> [T]he employer or his insurance carrier *shall* in the first instance pay all awards of compensation and medical benefits provided by this title; but such employer or his insurance carrier *shall be reimbursed* from the Second Injury Fund as created by § 42-7-310.

S.C. Code Ann. § 42-9-400(a) (Supp. 1993) (emphasis added). Section 42-9-400(a) requires the employer or the employer's insurance carrier pay all awards in the first instance. Section 42-9-400(a) then requires the Fund to reimburse the employer or employer's workers' compensation carrier for benefits provided to the injured worker under the statute. The language in Section 42-9-400(a) is mandatory. Thus, the Fund has no discretion to withhold reimbursement once the employer or its carrier has complied with the statutory requirements entitling it to reimbursement.

The Fund recognizes that once it becomes statutorily liable for a claim, it is required to reimburse the employer or employer's worker's compensation carrier in accordance with section 42-9-400. Moreover, the Fund views the purchase of annuities for the benefit of an injured employee as payment entitling the purchasing employer or employer's workers' compensation carrier to immediate and full reimbursement from the Fund under section 42-9-400(a).[3] However, when the corporation purchasing the annuity is a related but separate corporation to the corporation selling the annuity, the Fund contends the transaction is not a payment under the statute. Rather, the Fund contends no payment has been made until the employee actually receives the monthly payment. Therefore, the Fund is not required to reimburse the purchase price of the annuity. Under the Fund's view, Transportation could only seek reimbursement from the Fund after Griffin received each monthly payment from Continental.

Under the current statutory scheme, the Fund has no authority to refuse payment based upon the relationship of the

---

[3] Neither party challenges the Fund's authority to consider the benefits paid for the purpose of reimbursement under section 42-9-400 when the employer or the employer's workers' compensation carrier purchases an annuity for the benefit of the injured employee.

corporations purchasing and selling annuities for the benefit of the injured employee when the transaction is between two separate and distinct entities. *See Nucor Steel v. South Carolina Pub. Serv. Comm'n,* — S.C. —, 426 S.E. (2d) 319 (1992) (authority of agency created by statute is limited to that granted by the legislature). Moreover, the Fund's contention that no payment has been made requiring reimbursement when the transaction is between related but separate corporations is without merit on this record. The record reveals Transportation purchased the Benefits Settlement Option from Continental at a commercially competitive price. Nothing in this record indicates the purchase of the Benefits Settlement Option from Continental was anything but an arms-length transaction between two separate corporations. It is the Fund's stated policy to provide immediate and full reimbursement for the purchase of annuities or structured settlements purchased for the benefit of injured employees covered by the statute between unrelated corporations. In light of this policy, the Fund's withholding reimbursement based solely on the relationship between the purchasing and selling corporations when the corporations are separate legal entities is arbitrary and capricious and in excess of the Fund's statutory authority. S.C. Code Ann. § 1-23-380(g)(2) and (6) (Court may reverse agency when action in excess of statutory authority or arbitrary or capricious). We AFFIRM.

CHANDLER, C.J., and FINNEY, MOORE and WALLER, JJ., concur.